IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JANOT JASSIE | : | |
| | : | |
| v. | : | Civil Action No. DKC 15-1682 |
| | : | |
| KEITH MARINER | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action are two motions: (1) a motion to dismiss the amended complaint or, in the alternative, for a more definite statement, filed by Defendant Keith Mariner ("Defendant") (ECF No. 12); and (2) a motion to amend filed by Plaintiff Janot Jassie ("Plaintiff") (ECF No. 20). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion to dismiss will be granted, Defendant's alternative motion for a more definite statement will be denied as moot, and Plaintiff's motion to amend will be denied without prejudice. Plaintiff will have 21 days to file a motion for leave to amend that comports with Local Rule 103.6.

I.   **Background**

   A.   **Factual Background**[1]

   Plaintiff alleges that he was hired by Meridian Nursing Home on May 20, 1992 as a nursing assistant. After several years, the company was acquired by Genesis Health Care ("Genesis"). Plaintiff worked for Genesis for more than 20 years and received several awards for outstanding performance.[2] His last day of work was on September 28, 2013, after which he was fired. According to Plaintiff, he "was fired because [of his] age and seniority in the company. . . . [T]hey let [him] go and hire[d] [] new young people and [paid] them less money." (ECF No. 7, at 2). In addition, Plaintiff alleges that his "healthcare insurance was cancelled *before* [he] was fired." (*Id.* (emphasis added)).[3] Plaintiff also notes that "it was

---

[1] When considering a motion to dismiss for failure to state a claim, the well-pled allegations in the complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). Unless otherwise noted, the facts outlined here are alleged in the amended complaint and construed in the light most favorable to Plaintiff, the nonmoving party.

[2] In the motion to dismiss, Defendant provides greater clarity: "Plaintiff is a former employee of 3227 Bell Pre Road Operations d/b/a Layhill Center ('Layhill Center'), a nursing home located in Silver Spring, Maryland." (ECF No. 12-1, at 1). "Layhill Center is a wholly owned subsidiary of [Genesis]." (*Id.* at 1 n.1). Defendant is employed as a regional human resources manager by Genesis Administrative Services LLC, a wholly owned subsidiary of Genesis. (*Id.* at 2, 2 n.2).

[3] According to the motion to dismiss, Plaintiff's nursing license expired on September 27, 2013. He was instructed not to

difficult to tak[e] care [of] my family when my full time job was abusively interrupt[ed] . . . . I was assaulted at gun point and sen[t] to emergency at the community hospital." (*Id.*).  In his opposition brief, Plaintiff explains that he was admitted to the emergency room on October 14.  He later learned that his insurance claim had been denied because "his employer had cancelled his insurance policy."  (ECF No. 20, at 3).

### B.   Procedural Background

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 25, 2013, alleging that he had been discriminated against in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.  The EEOC issued a dismissal and notice of rights on December 1, 2014, granting Plaintiff 90 days to file suit. Plaintiff, proceeding *pro se*, filed a complaint against Defendant in the Circuit Court for Montgomery County on March 2, 2015.  (ECF No. 2).  Plaintiff filed an amended complaint on May 8 asserting claims of age discrimination, wrongful cancellation of health insurance, and hardship.  (ECF No. 7).

Defendant removed the action to this court on June 10 (ECF No. 1) and, shortly thereafter, moved to dismiss the amended complaint or, in the alternative, for a more definite statement

---

report to work beginning on September 28, and his employment was terminated on October 17.  (ECF No. 12-1, at 1).

(ECF No. 12).   Plaintiff was provided with a *Roseboro* notice via letter, which advised him of the pendency of the motion to dismiss and his entitlement to respond within 17 days.   (ECF No. 15); *see Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (holding that *pro se* plaintiffs should be advised of their right to file responsive material to a motion for summary judgment). Plaintiff received extensions of time to respond to Defendant's motion to dismiss.   (ECF Nos. 17; 19).   Plaintiff responded in opposition and, concurrently, moved to amend.   (ECF No. 20). Defendant replied in support of the motion to dismiss and responded in opposition to Plaintiff's motion to amend.   (ECF No. 21).

## II.   Defendant's Motion to Dismiss

### A.   Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.   *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006).   A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   Fed.R.Civ.P. 8(a)(2).   "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).   That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or

4

"naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

**B. Analysis**

Defendant argues that Plaintiff's ADEA claim should be dismissed for failure to allege sufficient facts and because individual defendants cannot be liable under the statute. Defendant further contends that Plaintiff's claim for wrongful

cancellation of health insurance – interpreted as a breach of contract claim – should be dismissed because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, preempts claims concerning employee benefits plans and Defendant is not a proper ERISA defendant. Regarding Plaintiff's hardship claim – interpreted as a claim for intentional infliction of emotional distress – Defendant argues that Plaintiff fails to state a claim under Maryland law. Responding in opposition, Plaintiff provides some additional factual context, but he does not challenge Defendant's arguments with any legal analysis or citations to case law.

### 1.   ADEA

Defendant argues that Plaintiff's ADEA claim must be dismissed because the statute does not permit individual liability. In response, Plaintiff simply restates factual allegations from the amended complaint (ECF No. 20, at 2) and concludes that he "has stated a valid cause of action for violation of Title VII despite Plaintiff's [e]xposure to significant damages" (*Id.* at 4). The ADEA, however, does not support a cause of action against individual employees. It is well established that "[i]ndividuals cannot be held liable for employment discrimination under the ADEA." *Jiggetts v. Sharpe*, 141 F.App'x 162, 163 (4th Cir. 2005) (citing *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507 (4th Cir. 1994) (holding that

individual employees are not proper defendants in ADEA lawsuits)).   The United States Court of Appeals for the Fourth Circuit interprets the ADEA to be "an unremarkable expression of respondeat superior — that discriminatory personnel actions taken by an employer's agent may create liability for the employer." *Birkbeck*, 30 F.3d at 510 (citations omitted).

Here, Plaintiff has sued a regional human resources manager at Genesis.   Plaintiff has not named his former employer in the amended complaint, and there is no indication that his EEOC charge named his former employer as a defendant.   (*See* ECF No. 20, at 4 ("The original lawsuit named Keith Mariner . . . as a [d]efendant.")).   In his opposition, Plaintiff reiterates that Defendant "is liable and rightfully party to this complaint." (*Id.* at 2).   Under the ADEA, however, a plaintiff's remedy is against the employer.   *See* 29 U.S.C. § 623(a) ("It shall be unlawful for an *employer* . . . .") (emphasis added).   In addition, the Fourth Circuit has made clear that, absent extraordinary circumstances, the term "employer" does not include individual defendants.   *See Jiggetts*, 141 F.App'x at 163; *Birkbeck*, 30 F.3d at 510-511; *Eden v. Arc Developers, Inc.*, No. JFM-08-564, 2008 WL 1782299, at *2 (D.Md. Apr. 16, 2008).[4]

---

[4]   In *Birkbeck*, the Fourth Circuit held that individual defendants cannot be held liable under the ADEA for "personnel decisions of a plainly delegable character."   30 F.3d at 510 n.1.   "A decision is 'plainly delegable' if the 'employer could

Plaintiff pleads no such circumstances, and Plaintiff's ADEA claim will be dismissed.

>    **2.   ERISA**

According to Defendant, Plaintiff's claim for wrongful cancellation of health insurance – interpreted as a breach of contract claim – should be dismissed because ERISA preempts claims concerning employee benefits plans and Defendant is not a proper ERISA defendant.  In his opposition, Plaintiff does not challenge Defendant's interpretation of his "wrongful cancellation" claim as a contract claim related to the denial of health benefits.  (ECF No. 20, at 4).

ERISA covers employee welfare benefit plans, which are defined as:

> any plan, fund, or program . . . established
> or maintained by an employer or by an
> employee organization, or by both, to the
> extent that such plan, fund, or program was
> established or is maintained for the purpose
> of providing for its participants or their
> beneficiaries, through the purchase of

---

delegate authority to a supervisor to act as its agent' including decisions to promote, terminate, and 'other normal personnel actions.'"  *McNeal v. Montgomery Cty., Md.*, 307 F.App'x 766, 775 (4th Cir. 2009) (quoting *Cortes v. McDonald's Corp.*, 955 F.Supp. 531, 537 (E.D.N.C. 1996)).  Here, Plaintiff asserts that Defendant is "responsible for the daily operation [of Genesis] and [had] control over Plaintiff."  (ECF No. 20, at 2).  Although the amended complaint does not allege exactly who fired Plaintiff, the available facts suggest that Defendant's purported decision to terminate Plaintiff's employment on October 17, 2013 was a delegable personnel decision.  Plaintiff pleads no facts to the contrary; accordingly, Defendant cannot be held individually liable.

> insurance or otherwise, . . . medical,
> surgical, or hospital care or benefits, or
> benefits in the event of sickness, accident,
> [or] disability . . . .

29 U.S.C. § 1002(1). Here, Plaintiff alleges that he was entitled to benefits of employment – that is, health insurance – that he did not receive. Defendant asserts, and Plaintiff does not challenge, that Plaintiff's plan for health insurance benefits upon which he bases his wrongful cancellation claim is covered by ERISA.[5] The vagueness of the amended complaint does not enable the court to determine whether Plaintiff's claim is – or is not – preempted by ERISA.

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA's preemption provision is expansive, preempting "any and all State laws insofar as they now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Valderrama v. Honeywell TSI Aerospace Servs.*, No. RWT-09-2114, 2010 WL 2802132, at *6 (D.Md. July 14, 2010).

> "State laws" include common law causes of
> action "relating to" employee benefit plans.

---

[5] Plaintiff alleges that his health insurance was cancelled before he was fired. (ECF No 7, at 2). In his opposition, Plaintiff provides additional context: "[Plaintiff's] [i]nsurance company told him his employer had cancelled his insurance policy on 9/23/2013 and sent him a letter confirming that fact." (ECF No. 20, at 3). Plaintiff attaches a letter from Independence Blue Cross informing Plaintiff that his "coverage with Genesis Healthcare, LLC . . . [was] cancelled on September 29, 2013." (ECF No. 20-4).

> *Holland*[ *v. Burlington Indus., Inc.*, 772
> F.2d 1140, 1147 (4th Cir. 1985)].  In *Shaw v.
> Delta Air Lines, Inc.*, the Supreme Court [of
> the United States] held that "[a] law
> 'relates to' an employee benefit plan, in
> the normal sense of the phrase, if it has a
> connection with or reference to such a
> plan."  463 U.S. 85, 96–97 (1983).  The
> Supreme Court has also held that claims for
> breach of contract based on the denial of
> benefits, pursuant to the terms in an
> employee benefits plan, or the
> administration of such a plan, are preempted
> when a plaintiff is seeking payment of
> benefits or damages. *Pilot Life Ins. Co. v.
> Dedeaux*, 481 U.S. 41, 45 (1987); *Metro. Life
> Ins. Co. v. Taylor*, 471 U.S. 725, 739
> (1985).  Likewise, in *Holland*, the Fourth
> Circuit held that claims seeking ERISA-plan
> benefits based upon breach of contract are
> preempted because they "relate to" employee
> benefit plans. 772 F.2d at 1146–47.

*Wozniak v. S.T.A. of Baltimore--I.L.A. Container Royalty Fund*,
No. GLR-12-1540, 2012 WL 5388845, at *3 (D.Md. Oct. 31, 2012).
Accordingly, in appropriate circumstances, state common law
claims fall within the category of state laws subject to ERISA
preemption. *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d
371, 378 (4th Cir. 2001) (citations omitted) ("When a cause of
action under state law is 'premised on' the existence of an
employee benefit plan so that 'in order to prevail, a plaintiff
must plead, and the court must find, that an ERISA plan exists,'
ERISA preemption will apply."); *see Powell v. Chesapeake &
Potomac Tel. Co. of Va.*, 780 F.2d 419, 422 (4th Cir. 1985) ("To
the extent that ERISA redresses the . . . maladministration of

employee benefit plans, it preempts analogous causes of action, whatever their form or label under state law.").

If ERISA applies, its provisions give plan participants and beneficiaries the right, under some circumstances, to sue to obtain benefits under the plan, or to enforce rights or fiduciary requirements under ERISA or the plan.  *See* 29 U.S.C. § 1132(a).   The ERISA civil enforcement mechanism has such "extraordinary pre-emptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  *Davila*, 542 U.S. at 209 (citation and internal quotation marks omitted); *Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 187 (4th Cir. 2002) (citing *Taylor*, 481 U.S. at 65-66).  Plaintiff's state law cause of action might, thus, be converted into a federal claim under ERISA.  *See Darcangelo*, 292 F.3d at 187 (noting that the plaintiff's claim for breach of contract "is completely preempted and is transformed into a federal claim under ERISA").

Any converted ERISA claim, however, cannot be sustained. Plaintiff has brought suit only against Defendant, a regional human resources manager.  "A suit to recover ERISA benefits may be brought only against the plan, the plan administrator, or a plan fiduciary."  *Valderrama*, 2010 WL 2802132, at *6 (citing *Gluth v. Wal-Mart Stores, Inc.*, 117 F.3d 1413, 1997 WL 368625, at *6 (4th Cir. 1997); *Ankney v. Metro. Life Ins.*, 438 F.Supp.2d

566, 574 (D.Md. 2006); *Howell v. Truck Drivers & Helpers Local Union No. 355*, No. WDQ-07-0989, 2008 WL 6742575, at *3 (D.Md. April 19, 2008)). Here, Defendant is not alleged to be the benefits plan, an entity that controls the administration of the benefits plan, or a fiduciary of the benefits plan. Plaintiff offers no relevant factual allegations in the amended complaint, and he simply asserts in his opposition that Defendant was "responsible for the daily operation [of Genesis] and [had] control over Plaintiff." (ECF No. 20, at 2).

On the other hand, ERISA may not preempt Plaintiff's claim. Plaintiff's allegations suggest that Defendant improperly cancelled insurance coverage secured by his employment contract before his employment was terminated. That is, Plaintiff may be asserting a claim that the employer breached the terms of his employment contract, part of which entailed an obligation to provide benefits during the course of employment. *See Grover v. Comdial Corp.*, No. 3:01CV00035, 2002 WL 1066951, at *4 (W.D.Va. May 23, 2002) ("In this case, the relief, while it is measured in part by the benefits the plaintiff would have received, depends not on a resolution of any question involving ERISA interpretation; rather, it depends on a resolution of whether an employment contract has been breached."). Such a claim would not necessarily be preempted by ERISA. *See id.* at *4 (rejecting ERISA preemption when the plaintiff's breach of contract claim

did "not attack[] the administration of the plan, or alleg[e] improper processing of benefits"). From the amended complaint, however, it is unclear whether Plaintiff's insurance coverage was cancelled prematurely or at the time Plaintiff's employment was terminated; Plaintiff does not provide precise dates for either the cancellation of his insurance coverage or the termination of his employment. In addition, the amended complaint does not contain plausible allegations that Defendant breached contractual duties owed to Plaintiff. *See Stiltner v. Beretta U.S.A. Corp.*, 844 F.Supp. 242, 245 (D.Md. 1994) ("Whether I were to consider [the] plaintiff's claim . . . as a statutory ERISA claim . . . or as a claim under state common law, . . . no reasonable fact-finder could find that the parties intended the letter to create a corporate obligation on the part of defendant to pay [the] plaintiff [benefits]."). Plaintiff's employment contract appears to be with his employer, Genesis, rather than Defendant, a regional human resources manager.

Accordingly, whether Plaintiff's claim is considered as a statutory ERISA claim or as a claim under state law for breach of contract, the factual allegations in the amended complaint cannot withstand Rule 12(b)(6) scrutiny. Plaintiff has not alleged facts sufficient to show that Defendant is a proper ERISA defendant or breached a contractual obligation under state law, and Plaintiff's claim will be dismissed.

### 3.   Intentional Infliction of Emotional Distress

Plaintiff asserts a claim for "hardship" in the amended complaint.  According to Plaintiff, "it was difficult to tak[e] care [of] my family when my full time job was abusively interrupt[ed] . . . .  I was assaulted at gun point and sen[t] to emergency at the community hospital."  (ECF No. 7, at 2). Defendant describes Plaintiff's allegations as "too vague to understand," but notes that "the circuit court docketed [the allegations] as a claim for intentional infliction of emotional distress."  (ECF No. 12-1, at 12).   Defendant addresses Plaintiff's claim accordingly, and Plaintiff does not challenge such an interpretation. (*See* ECF No. 20, at 4).

"Intentional infliction of emotional distress is a cognizable tort in Maryland." *Abrams v. City of Rockville*, 88 Md.App. 588, 597 (1991).  Even so, "[t]he Maryland Court of Special Appeals has held that '[t]he tort of intentional infliction of emotional distress is rarely viable, and is to be used sparingly and only for opprobrious behavior that includes truly outrageous conduct.'" *Snyder v. Phelps*, 580 F.3d 206, 231 (4th Cir. 2009) (Shedd, J., concurring) (quoting *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md.App. 470, 515 (1995)).  To recover under Maryland law, a plaintiff must be able to show that the defendant's conduct was: (1) intentional or reckless; (2) extreme and outrageous; (3) causally connected to

Plaintiff's emotional distress; and (4) the distress caused was severe. *Baltimore-Clark v. Kinko's Inc.*, 270 F.Supp.2d 695, 701 (2003) (citing *Harris v. Jones*, 281 Md. 560, 566 (1977)). "Each of these elements must be pled and proved with specificity. It is not enough for a plaintiff merely to allege that they exist; he must set forth facts that, if true, would suffice to demonstrate that they exist." *Foor v. Juvenile Servs. Admin.*, 78 Md.App. 151, 175 (1989); *see also Arbabi v. Fred Myers, Inc.*, 205 F.Supp.2d 462, 466 (D.Md. 2002).

Here, the amended complaint contains no facts showing that Defendant acted intentionally or recklessly to cause Plaintiff any emotional distress. Nor is there any hint of outrageous behavior by Defendant directed at Plaintiff. Even if Plaintiff so alleged, the "extreme and outrageous" standard is quite high. *See, e.g., Bagwell*, 106 Md.App. at 515 (noting that the elements of the tort are "rigorous, and difficult to satisfy"). Plaintiff asserts that his employment was terminated, but, "[a]s a matter of law, [a defendant's] decision to terminate [a] plaintiff's employment does not amount to 'extreme and outrageous conduct' necessary to sustain a claim for intentional infliction of emotional distress." *Rose v. Son's Quality Food Co.*, No. AMD-04-3422, 2006 WL 173690, at *6 (D.Md. Jan. 25, 2006) (citing *Hrehorovich v. Harbor Hosp. Ctr., Inc.*, 93 Md.App. 772, 800 (1992)). In addition, the amended complaint does not

contain a plausible causal connection between the alleged wrongful conduct committed by Defendant and the purported emotional distress suffered by Plaintiff. Plaintiff's allegations thus fall short of stating a claim for intentional infliction of emotional distress; the amended complaint lacks specificity and does not provide information describing how Defendant's behavior was extreme, outrageous, or intentional. Accordingly, Plaintiff's "hardship" claim - construed as a claim for intentional infliction of emotional distress – will be dismissed.[6]

### III. Plaintiff's Motion to Amend

Plaintiff filed a motion to amend concurrently with his opposition to Defendant's motion to dismiss. (ECF No. 20). Defendant argues that Plaintiff's motion to amend should be denied for failure to follow the procedures set forth in Local Rule 103.6 and because the amendments would be futile. (ECF No. 21, at 4). Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

---

[6] The court grants Defendant's motion to dismiss. As a result, the court denies as moot Defendant's motion for a more definite statement under Rule 12(e).

Fed.R.Civ.P. 15(a)(2).   Here, Plaintiff already has filed an amended complaint, and Defendant does not consent to the filing of a second amended complaint.   Rule 15(a)(2) further instructs that a court should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court.   *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).   The court will deny leave to amend if the proposed amendments are futile, prejudicial, or made in bad faith.   *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010).

Plaintiff's pending motion to amend fails to comply with Local Rule 103.6(c), which requires that a motion to amend include "(1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets and new material has been underlined or set forth in bold-faced type."   Plaintiff does not attach to his motion a clean or red-lined copy of the proposed amended pleading.   In addition, "if the amended pleading adds a new party, counsel shall serve all exhibits referred to in the amended pleading upon the new party."   Local Rule 103.6(b). Although Plaintiff appears to add "Genesis Health Care" as a defendant by altering the case caption, there is no indication that Plaintiff has served the motion or an amended pleading upon the new party.   (*See* ECF No. 20).   Plaintiff cannot amend the

complaint by simply adding Genesis to the caption of the motion papers, providing some additional factual allegations in the opposition brief, and styling the documentation as a motion to amend.   Rather, "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).   The amended complaint remains the operative pleading, and Genesis is not currently a party in this action.

Failure to comply strictly with Local Rule 103.6 by itself is not fatal to Plaintiff's motion to amend, especially in light of his *pro se* status.   *See Milligan v. Brady*, No. RWT-10-2107, 2011 WL 1833346, at *1 n.1 (D.Md. May 13, 2011) ("As a *pro se* litigant, [the plaintiff's] failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the Court concludes that her filing contains sufficient information to consider her request without additional briefing."); *see also Awah v. Board of Educ. of Baltimore Co.*, No. WMN-09-1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010) (refusing to deny the *pro se* plaintiff's motion to amend on the ground that he had not filed a red-line copy and when there was no prejudice to the defendant).   However, "where . . . the plaintiff fails to formally move to amend and fails to provide the district court

with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion" in denying a motion to amend the complaint. *Estrella v. Wells Fargo Bank, N.A.*, 497 F.App'x 361, 362 (4th Cir. 2012) (citations and internal quotation marks omitted); *see Bock v. Florists' Transworld Delivery, Inc.*, No. WDQ-12-3702, 2013 WL 5276551, at *7 (D.Md. Sept. 16, 2013) ("Without the proposed new complaint, it is not clear whether the amendments would be futile."). Here, Plaintiff has not supplied the court or Defendant with a copy of the proposed amended pleading. Moreover, although there is no basis to believe that an amendment would be prejudicial or that there is any bad faith on the part of Plaintiff, the nature of Plaintiff's proposed amendments cannot be discerned from the motion itself. Plaintiff has not identified any proposed amendments that would enable his claims to withstand review under Rule 12(b)(6).

Accordingly, Plaintiff's motion to amend is denied without prejudice. The court will allow Plaintiff 21 days from the entry of this memorandum opinion and order to file a motion for leave to amend that comports with Local Rule 103.6. Such an outcome is appropriate in light of the forgiving standards embodied in Rule 15 and Plaintiff's *pro se* status. *See Bock*, 2013 WL 5276551, at *7 ("[The court] will consider a proposed

amended complaint if [the plaintiff] files another motion for leave to amend that includes the amended complaint.").[7]

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted, Defendant's motion for a more definite statement will be denied as moot, and Plaintiff's motion to amend will be denied without prejudice.  Plaintiff is granted 21 days to file a motion for leave to amend that comports with Local Rule 103.6.  A separate order will follow.

                                                 /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

---

[7] Should Plaintiff move for leave to amend within 21 days, the court will expect him to comply with Local Rule 103.6. Plaintiff is advised to include in his proposed amended complaint factual allegations sufficient to establish a plausible basis for his claims.  The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see Giacomelli*, 588 F.3d at 193.