IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JANOT JASSIE

v. : Civil Action No. DKC 15-1682

KEITH MARINER

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is a motion for leave to amend filed by Plaintiff Janot Jassie ("Plaintiff"). (ECF No. 30). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to amend will be denied.

**I. Background[1]**

In the motion for leave to amend, Plaintiff recites some allegations previously set forth in the amended complaint and maintains claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and for denial of employer-provided benefits. (ECF No. 30, at 1). He asserts that he stopped working for Genesis

---

[1] Unless otherwise noted, the facts outlined here are construed in the light most favorable to Plaintiff. A more complete recitation of Plaintiff's allegations contained in the amended complaint can be found in the court's prior memorandum opinion. (*See* ECF No. 22, at 2-3).

Healthcare ("Genesis"), his former employer, on September 28, 2013.[2] According to Plaintiff:

> Genesis cancelled my health insurance on [September 29,] weeks before [it] terminated [my employment] on [October 17].
>
> During the period after Genesis cancelled my insurance but while I was still a Genesis employee, I received medical care on [October 15] at Doctors Community Hospital in Prince George's County that would have been covered by my insurance had Genesis not prematurely cancelled it.
>
> Because Genesis prematurely cancelled my insurance I owe the hospital $2500.00.

(ECF No. 30, at 2). Plaintiff further contends that Genesis failed to compensate him for the 13 vacation days he used between September 29 and October 17, or the remaining 47 vacation days he had purportedly accrued during the course of his employment.

On March 2, 2015, Plaintiff, proceeding *pro se*, filed a complaint in the Circuit Court for Montgomery County against Keith Mariner, a regional human resources manager at Genesis. (ECF No. 2). Plaintiff filed an amended complaint on May 8, asserting claims of age discrimination, wrongful cancellation of health insurance, and hardship. (ECF No. 7). Mr. Mariner removed the action to this court (ECF No. 1) and moved to dismiss the amended complaint or, in the alternative, for a more

---

[2] The response in opposition to the pending motion provides greater clarity: "Plaintiff is a former employee of 3227 Bell Pre Road Operations LLC d/b/a Layhill Center, which is a wholly owned subsidiary of [Genesis]." (ECF No. 31, at 2 n.1).

definite statement (ECF No. 12). Plaintiff moved to amend. (ECF No. 20).

The court granted Mr. Mariner's motion to dismiss on all claims and denied without prejudice Plaintiff's motion to amend. (ECF Nos. 22; 23). The court reasoned that Mr. Mariner was not the proper defendant for Plaintiff's ADEA claim, and Plaintiff failed to include Genesis as a defendant in either his Equal Employment Opportunity Commission ("EEOC") charge or the amended complaint. (ECF No. 22, at 7-9). Similarly, the court determined that Mr. Mariner was not the proper defendant for Plaintiff's claim concerning wrongful cancellation of health insurance. Moreover, Plaintiff failed to state a claim for wrongful cancellation under Fed.R.Civ.P. 12(b)(6). (*Id.* at 14 ("[W]hether Plaintiff's claim is considered as a statutory [Employee Retirement Income Security Act of 1974 ("ERISA")] claim or as a claim under state law for breach of contract, the factual allegations in the amended complaint cannot withstand Rule 12(b)(6) scrutiny.")). Finally, the court interpreted Plaintiff's claim for hardship as a claim for intentional infliction of emotional distress. The amended complaint provided no allegations sufficient to sustain such a claim

against Mr. Mariner. (*Id.* at 15-17).[3] In light of Plaintiff's *pro se* status, however, the court granted him time to file a properly supported motion for leave to amend that comports with Local Rule 103.6 and the federal pleading standards.

The court subsequently granted Plaintiff three extensions of time to file for leave to amend. (ECF Nos. 25; 27; 29). On April 11, 2016, Plaintiff filed the pending motion naming only Genesis as a defendant. (ECF No. 30). Mr. Mariner responded in opposition. (ECF No. 31).

**II. Standard of Review**

A party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed.R.Civ.P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party,

[3] Plaintiff does not reference a claim of hardship – or of intentional infliction of emotional distress – anywhere in the pending motion. (*See* ECF No. 30).

there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *Oroweat Foods Co.*, 785 F.2d at 510 ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." (citations omitted)). A pleading need not contain detailed factual allegations, but the plaintiff must allege enough facts to make the claim appear "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citation omitted)). Accordingly, denial of leave to amend is appropriate if the court, taking as true the allegations of the proposed amended pleading, would be compelled to dismiss the action. *See Kellogg Brown & Root*, 525 F.3d at 376 (affirming the district court's denial of leave to amend because the

"proposed amended complaint does not properly state a claim under Rule 12(b)(6)").

Generally, the court will construe *pro se* pleadings liberally and will hold *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; however, it does not mean the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). Thus, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (unpublished table opinion) ("It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal." (citations omitted)).

**III. Analysis**

Mr. Mariner challenges Plaintiff's motion for leave to amend on the grounds that, *inter alia*, Plaintiff failed to

comply with Local Rule 103.6 and amendment would be futile. Plaintiff has not filed a reply, and the time in which to do so has passed.[4]

The court's prior memorandum opinion denied Plaintiff's earlier motion to amend but granted him time to file a properly supported motion for leave to amend under Local Rule 103.6. (ECF No. 22, at 20-21). Plaintiff was admonished by the court:

> Should Plaintiff move for leave to amend within 21 days, the court will expect him to comply with Local Rule 103.6. Plaintiff is advised to include in his proposed amended complaint factual allegations sufficient to establish a plausible basis for his claims. The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see* [*Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)].

(*Id.* at 21 n.7). Local Rule 103.6(c) states that the moving party "shall file and serve (1) a clean copy of the amended pleading and (2) a copy of the amended pleading in which stricken material has been lined through or enclosed in brackets

[4] In his opposition brief, Mr. Mariner also contends that the court lacks jurisdiction over the pending motion because the case has been dismissed. (ECF No. 31, at 3). The United States Court of Appeals for the Fourth Circuit Court has held that district courts "may not grant [a] post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) (citing *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir. 1985)). Here, however, the court dismissed the amended complaint and denied Plaintiff's motion to amend without prejudice, granting Plaintiff time to file an additional motion for leave to file an amended complaint.

and new material has been underlined or set forth in bold-faced type."

Failure to comply strictly with the dictates of Local Rule 103.6 by itself is not fatal to Plaintiff's motion for leave to amend, especially in light of his *pro se* status. *See Milligan v. Brady*, No. RWT–10–2107, 2011 WL 1833346, at *1 n.1 (D.Md. May 13, 2011) ("As a *pro se* litigant, [the plaintiff's] failure to comply with Local Rule 103.6 is not fatal to her request for leave to amend, and the [c]ourt concludes that her filing contains sufficient information to consider her request without additional briefing."); *see also Awah v. Board of Educ. of Baltimore Co.*, No. WMN–09–1044, 2010 WL 1929908, at *2 (D.Md. May 11, 2010) (refusing to deny the *pro se* plaintiff's motion to amend on the ground that he had not filed a red-line copy and when there was no prejudice to the defendant). However, "where . . . the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion" in denying a motion to amend the complaint. *Estrella v. Wells Fargo Bank, N.A.*, 497 F.App'x 361, 362 (4th Cir. 2012) (citations and internal quotation marks omitted); *see Bock v. Florists' Transworld Delivery, Inc.*, No. WDQ-12-3702, 2013 WL 5276551, at

*7 (D.Md. Sept. 16, 2013) ("Without the proposed new complaint, it is not clear whether the amendments would be futile.").

In a number of respects, Plaintiff's motion for leave to amend fails to adhere to the requirements of the Local Rules. Local Rule 103.6(a) requires that "the original of the proposed amended pleading shall accompany the motion." Here, however, the pending motion consists of two pages: a cover page adds Genesis to the case caption and confirms that claims of "age discrimination" and "denial of benefits" remain, and on the second page Plaintiff recites some of the threadbare allegations included in the amended complaint.[5] Plaintiff does not offer any new, material allegations addressing the pleading deficiencies highlighted in the court's prior memorandum opinion. And, despite the court's prior instruction, Plaintiff's motion runs afoul of Local Rule 103.6(c), as he fails to attach either a clean copy of a proposed amended pleading or a red-line version of the same. Even construing the second page of Plaintiff's motion to be the proposed amended pleading, it does not satisfy federal standards that call for claims to be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

---

[5] Indeed, certain relevant allegations from Plaintiff's original complaint, amended complaint, and subsequent filings are missing from the factual recitation in the pending motion. Moreover, Plaintiff advances no legal arguments in support of his motion for leave to amend.

Plaintiff's repeated failure to comply with Local Rule 103.6 – even after explicit instruction from the court - is sufficient to deny the pending motion. *See Innocent v. Bank of New York Mellon*, No. PWG-15-951, 2016 WL 386222, at *1 (D.Md. Feb. 2, 2016), *reconsideration denied*, No. PWG-15-951, 2016 WL 1337585 (D.Md. Apr. 4, 2016); *Smith v. Treasury Inspector Gen. for Tax Admin.*, No. JKB-11-2033, 2012 WL 11110, at *2 (D.Md. Jan. 3, 2012), *aff'd sub nom. Smith v. Treasury Inspection Gen. for Tax Admin.*, 474 F.App'x 929 (4th Cir. 2012) ("Ordinarily, this failure would be grounds for denying a motion for leave to amend or for holding the motion in abeyance until the necessary documents are received."). Although the court retains discretion to consider a motion for leave to amend even if made improperly, the pending motion fails to provide Mr. Mariner, Genesis, or the court with a clear indication of what new allegations Plaintiff intends to assert. Thus, Plaintiff's failure to observe the Local Rules is prejudicial, and his motion will be denied. To this point, he has been given three bites at the apple – the original complaint, the amended complaint, and an opportunity to move for leave to amend - "and there is no reason to think that a [fourth] bite would bear fruit." *Tasciyan v. Med. Numerics*, No. 11-1467-AW, 2011 WL 6097977, at *5 (D.Md. Dec. 6, 2011); *see Giacomelli*, 588 F.3d at 197 ("[T]he district court did not abuse its discretion in

failing to give the plaintiffs a blank authorization to 'do over' their complaint.").

Moreover, even looking beyond the procedural shortcomings of Plaintiff's motion, granting leave to amend also should be denied as futile. Construing the text of Plaintiff's motion as his proposed amended pleading, the allegations fail to state a plausible claim for relief and cannot withstand Rule 12(b)(6) review. According to Mr. Mariner:

> Amendment of the Amended Complaint would be futile for several reasons. First, the Motion for Leave to Amend contains no facts regarding age discrimination that could be considered sufficient to state a claim upon which relief can be granted. . . . Third, Plaintiff does not shed any new light on his benefits claims to allow the Court to conclude that there is a basis for moving forward with them. Finally, the Court should decline to exercise supplemental jurisdiction over the state law wage claims regarding accrued vacation[.]

(ECF No. 31, at 3). Plaintiff did not file a reply brief challenging Mr. Mariner's specific arguments, and the court thus has discretion to treat them as uncontested. *See White v. Wal Mart Stores, Inc.*, No. ELH–13–00031, 2014 WL 1369609, at *2 (D.Md. Apr. 4, 2014); *Ferdinand-Davenport v. Children's Guild*, 742 F.Supp.2d 772, 777 (D.Md. 2010). Furthermore, there is no obvious lack of merit to Mr. Mariner's arguments regarding futility. Plaintiff's motion fails to address all of the pleading deficiencies previously highlighted by the court, and

none of the alleged facts plausibly give rise to a claim for age discrimination or denial of benefits. The court will address each claim in turn.

**A. ADEA Claim**

Under the ADEA, an employer may not discharge an employee because of his or her age. The ADEA's protections only apply to individuals at least forty (40) years of age, 29 U.S.C. § 631(a), and do not permit "a mixed-motives age discrimination claim." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 175 (2009). Instead, the plaintiff must "establish that age was the 'but-for' cause of the employer's adverse action." *Id.* at 177. In the absence of any direct evidence, the "pretext" framework requires a *prima facie* showing of age discrimination consisting of four elements: (1) Plaintiff was member of a protected class; (2) Plaintiff suffered an adverse employment action; (3) Plaintiff was at the relevant time performing his duties at a level that met his employer's legitimate expectations; and (4) Plaintiff's position remained open or was filled by a similarly qualified applicant outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004)).

Under either framework, Plaintiff has failed to put forth factual allegations sufficient to survive Rule 12(b)(6) review. Plaintiff has not offered the most basic allegation required to

proceed with an ADEA claim - his age. Indeed, Plaintiff's two-page motion only references "age discrimination" on the cover page; no other allegation even tangentially relates to discrimination on the basis of Plaintiff's age. Plaintiff has not pleaded facts sufficient to sustain an ADEA claim, and amendment would be futile.

**B. Denial of Benefits**

Plaintiff asserts a claim for "denial of benefits" in the pending motion, alleging that Genesis prematurely cancelled his health insurance and failed to compensate him for vacation days used and accrued. As noted in the court's prior memorandum opinion in this case, Mr. Mariner interpreted Plaintiff's earlier claim for "wrongful cancellation of health insurance" as a breach of contract claim, and Plaintiff did not challenge that interpretation. Mr. Mariner argued that the claim against him should be dismissed because ERISA preempted the claim and Mr. Mariner was not a proper defendant. Though unable to determine whether ERISA preempted Plaintiff's breach of contract claim on the facts presented, the court nonetheless determined that Mr. Mariner was not subject to suit. (*See* ECF No. 22, at 9-14).

Here, Plaintiff's motion provides no further clarity as to whether the denial of benefits claim is - or is not – preempted by ERISA. Neither the amended complaint nor the pending motion alleges the existence of an ERISA plan; even assuming that

Genesis is a proper ERISA defendant, Plaintiff offers no other relevant factual enhancement. Alternatively, as the court noted in its prior memorandum opinion, "Plaintiff may be asserting a claim that the employer breached the terms of his employment contract, part of which entailed an obligation to provide benefits during the course of employment." (*Id.* at 13 (citing *Grover v. Comdial Corp.*, No. 3:01CV00035, 2002 WL 1066951, at *4 (W.D.Va. May 23, 2002))). Plaintiff's motion, however, is devoid of allegations concerning a contract or contractual obligations to provide health insurance or compensate for used and accrued vacation time. Accordingly, amendment of Plaintiff's claim for denial of benefits would be futile.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for leave to amend will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge